## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHEILA WILLIAMS, on behalf of herself and all others similarly situated, | Civil Case No.: |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| HALSTED FINANCIAL, LLC; and JOHN DOES 1-25, | |
| Defendant(s). | |

### PRELIMINARY STATEMENT

1.    Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that Defendants, HALSTED FINANCIAL SERVICES, LLC ("Halsted") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.    Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

**DEFINITIONS**

4.     As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

**PARTIES**

5.     Plaintiff is a natural person, a resident of Kings County, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6.     HALSTED maintains a location at 68001 Lincoln Avenue, Suite 500, Skokie, Illinois 60077.

7.     HALSTED uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8.     HALSTED is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6), and it uses litigation and non-litigation methods in its attempts to collect debts.

9.     John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

**CLASS ACTION ALLEGATIONS**

10.     Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New York consumers and their successors in interest (the

"Class"), who Defendants collected or attempted to collect a debt from, in violation of the FDCPA, as described in this Complaint.

11.    This Action is properly maintained as a class action. The Class is initially defined as:

> All New York consumers who were sent letters
> and/or notices from HALSTED, which included
> the alleged conduct and practices described herein.

> The class definition may be subsequently modified or refined.

> The Class period begins one year prior to the filing of this Action.

12.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a.    Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons in New York who Defendant(s) collected or attempted to collect a debt from, which violates specific provisions of the FDCPA.

   b.    Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      i.    Whether the Defendants violated various provisions of the FDCPA as set forth herein:

      ii.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

iii.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

iv.   Whether Plaintiff and the Class are entitled to declaratory relief.

c.  <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d.  <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

13.   A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

14.   A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

15.   Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

**STATEMENT OF FACTS**

16.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17.     At some time prior to October 10, 2022, Plaintiff allegedly incurred a financial obligation to HSBC BANK NEVADA, N.A. ("HSBC")

18.     The HSBC obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

19.     Plaintiff incurred the HSBC obligation by obtaining goods and services, which were primarily for personal, family and household purposes.

20.     The HSBC obligation did not arise out of a transaction that was for non-personal use.

21.     The HSBC obligation did not arise out of a transaction that was for business use.

22.     The HSBC obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

23.     HSBC is a "creditor" as defined by 15 U.S.C. § 1692a(4).

24.     On or before October 10, 2022, HSBC directly or through an agent, referred the HSBC obligation to HALSTED for the purpose of collections.

25.     At the time the HSBC obligation was referred to HALSTED, the HSBC obligation was past due.

26.     At the time the HSBC obligation was referred to HALSTED, the HSBC obligation was in default.

27.     In an attempt to collect on the HSBC obligation, on or about October 10, 2022 (the "October 10, 2022 text message"), Defendants caused to be delivered to Plaintiff a text

message. A copy is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

28.     The October 10, 2022 text messaged stated the following:



29.     The October 10, 2022 text message was sent to Plaintiff in connection with the collection of the HSBC obligation.

30.     The October 10, 2022 text message is a "communication" as defined by 15 U.S.C. § 1692a(2).

31.     Upon receipt, Plaintiff read the October 10, 2022 text message.

32.     Upon receipt, Plaintiff read and relied on the statements and representations in the October 10, 2022 text message.

33.     On or about October 27, 2022, Plaintiff's attorney sent a letter to Halsted ( A copy is annexed hereto as **Exhibit B**, which is fully incorporated herein by reference) via first class mail and email (a copy of the email confirmation is annexed hereto as **Exhibit C**, which is fully incorporated herein by reference), which stated the following, in relevant part:

> This firm has been retained to represent the interests of Sheila Williams relative to the above-referenced matter. PLEASE TAKE NOTICE, that Sheila Williams hereby disputes the validity of the debt. Therefore, you are not to assume this debt to be valid.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Sheila Williams. Furthermore, Sheila Williams hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to make contact *via* mobile telephone, (whether by calling), texting, land line, emailing or to any facsimile device. In addition, Sheila Williams prohibits you from sharing her personal information and/or any information related to this account with any persons/entities without her prior written consent.

As provided for under 15 U.S.C. §1692g(a), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor. Kindly forward all such information to our New York office. Additionally, pursuant to 15 U.S.C. §1692e(8), if Halsted Financial Services, is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

34.    In an attempt to collect on the HSBC obligation, on or about November 3, 2022 (the "November 3, 2022 text message"), Defendants caused to be delivered to Plaintiff a text message. A copy is annexed hereto as **Exhibit D**, which is fully incorporated herein by reference.

35.    The November 3, 2022 text message stated the following:

> We give you the power to choose your path to financial freedom for your HSBC Bank Nevada, N.A. (RCS Direct Marketing/ Household Bank) account. Visit https://hlstd.me/s/ NK0l or call 888-242-4538. This text is from

> This text is from Halsted Financial, a debt collector. Reply STOP to opt-out

36.    The November 3, 2022 text message was sent to Plaintiff in connection with the collection of the HSBC obligation.

37.     The November 3, 2022 text message is a "communication" as defined by 15 U.S.C. § 1692a(2).

38.     Upon receipt, Plaintiff read the November 3, 2022 text message.

39.     Upon receipt, Plaintiff read and relied on the statements and representations in the November 3, 2022 text message.

40.     In an attempt to collect on the HSBC obligation, on or about November 21, 2022 (the "November 21, 2022 text message"), Defendants caused to be delivered to Plaintiff a text message. A copy is annexed hereto as **Exhibit E**, which is fully incorporated herein by reference.

41.     The November 21, 2022 text message stated the following:

> This text is from Halsted Financial, a debt collector, regarding your HSBC Bank Nevada, N.A. (RCS Direct Marketing/ Household Bank) account. Visit https://hlstd.me/s/
>
> https://hlstd.me/s/ MEmS or call 888-240-2481. Reply stop to opt out

42.     The November 21, 2022 text message was sent to Plaintiff in connection with the collection of the HSBC obligation.

43.     The November 21, 2022 text message is a "communication" as defined by 15 U.S.C. § 1692a(2).

44.     Upon receipt, Plaintiff read the November 21, 2022 text message.

45.      Upon receipt, Plaintiff read and relied on the statements and representations in the November 21, 2022 text message.

46.      In an attempt to collect on the HSBC obligation, on or about December 7, 2022 (the "December 7, 2022 text message"), Defendants caused to be delivered to Plaintiff a text message. A copy is annexed hereto as **Exhibit F**, which is fully incorporated herein by reference.

47.      December 7, 2022 text message stated the following:

> Sheila, if your HSBC Bank Nevada, N.A. (RCS Direct Marketing/ Household Bank) account is returned to our client we may not be able to renew these offers. Save up to $234.35 in up to 18 payments when you visit https://
>
> hlstd.me/s/q2sc or call 888-228-1967. This text is from Halsted Financial, a debt collector. Reply stop to opt-

48.      The December 7, 2022 text message was sent to Plaintiff in connection with the collection of the HSBC obligation.

49.      The December 7, 2022 text message is a "communication" as defined by 15 U.S.C. § 1692a(2).

50.      Upon receipt, Plaintiff read the December 7, 2022 text message.

51.      Upon receipt, Plaintiff read and relied on the statements and representations in the December 7, 2022 text message.

52.    HALSTED knew or should have known that its actions violated the FDCPA.

53.    Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

54.    It is Defendants' policy and practice to collect or attempt to collect debts, which violate the FDCPA, by *inter alia*:

    a)    Communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address;

    b)    Communicating further with a consumer when the consumer notifies the debt collector in writing that the consumer wishes the debt collector to cease further communication with the consumer;

    c)    Using false, deceptive or misleading representations or means in connection with the collection of a debt.

55.    Defendants have made collection attempts against at least 50 natural persons in the State of New York within one year of this Complaint.

## COUNT II

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692c *et seq.* VIOLATIONS

56.    Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

57.    Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

58.    As described herein, Defendant violated 15 U.S.C. §§ 1692c, 1692c(a)(2) and 1692c(c).

59.    Defendants' actions are material to the least sophisticated consumer.

60.    Defendants violated 15 U.S.C. § 1692c of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

61.    Section 1692c(a)(2) prohibits a debt collector from communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

62.    Defendants violated Section 1692c(a)(2) by sending the November 3, 2022 text message to Plaintiff after Defendants had knowledge that Plaintiff was represented by an attorney.

63.    In the alternative, Defendants violated Section 1692c(a)(2) by sending the November 21, 2022 text message to Plaintiff after Defendants had knowledge that Plaintiff was represented by an attorney.

64.    In the alternative, Defendants violated Section 1692c(a)(2) by sending the December 7, 2022 text message to Plaintiff after Defendants had knowledge that Plaintiff was represented by an attorney.

65.    Section 1692c(c) prohibits a debt collector from communicating further with a consumer when the consumer notifies the debt collector in writing that the consumer wishes the debt collector to cease further communication with the consumer.

66.    Defendants violated Section 1692c(a)(2) by sending the November 3, 2022 text message to Plaintiff after Defendants had knowledge to cease communication with Plaintiff.

67.    In the alternative, Defendants violated Section 1692c(a)(2) by sending the November 21, 2022 text message to Plaintiff after Defendants had knowledge to cease communication with Plaintiff.

68.    In the alternative, Defendants violated Section 1692c(a)(2) by sending the December 7, 2022 text message to Plaintiff after Defendants had knowledge to cease communication with Plaintiff.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e *et seq.* VIOLATIONS

69.    Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

70.    As described herein, Defendant engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §§ 1692e and 1692e(10).

71.    Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

72.    Defendants' false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

73.    Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

74.    Defendants violated Section 1692e(10) by sending the November 3, 2022 text message to Plaintiff after Defendants had knowledge that Plaintiff was represented by an attorney.

75.    In the alternative, Defendants violated Section 1692e(10) by sending the November 21, 2022 text message to Plaintiff after Defendants had knowledge that Plaintiff was represented by an attorney.

76.    In the alternative, Defendants violated Section 1692e(10) by sending the December 7, 2022 text message to Plaintiff after Defendants had knowledge that Plaintiff was represented by an attorney.

77.    Defendants violated Section 1692e(10) by sending the November 3, 2022 text message to Plaintiff after Defendants had knowledge to cease communication with Plaintiff.

78.    In the alternative, Defendants violated Section 1692e(10) by sending the November 21, 2022 text message to Plaintiff after Defendants had knowledge to cease communication with Plaintiff.

79.    In the alternative, Defendants violated Section 1692e(10) by sending the December 7, 2022 text message to Plaintiff after Defendants had knowledge to cease communication with Plaintiff.

80.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

81.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

82.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

83.    Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest;

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 15, 2023                    Respectfully submitted,

By:    *s/ Joseph K. Jones*
Joseph K. Jones, Esq.
jkj@legaljones.com

*s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq.
bwolf@legaljones.com

JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, New York 10165
(646) 459-7971 telephone
(646) 459-7973 facsimile

# EXHIBIT A



# EXHIBIT B



*New York*
One Grand Central Place
60 East 42nd St., 46th Floor
New York, NY 10165
p. (646) 459-7971
f. (646) 459-7973

Joseph K. Jones, Esq.††
Benjamin J. Wolf, Esq.††
Anand A. Kapasi, Esq.†
Paul Gottlieb, Of Counsel

††Admitted NY, NJ, CT
†Admitted NY, NJ

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f. (973) 244-0019

https://legaljones.com

*Reply to:  New Jersey*

October 27, 2022

<u>Via Email (webcustomer@halstedfinancial.com) and First Class Mail</u>

Halsted Financial Services
P.O. Box 828
Skokie, IL 60076

|  |  |  |
|---|---|---|
| **Re:** | **Sheila Williams** | |
| **Telephone:** | **xxx-xxx- x580** | |
| **"account":** | **HSBC Bank Nevada, N.A. (RCS Household Bank)** | |

To Whom It May Concern:

This firm has been retained to represent the interests of Sheila Williams relative to the above-referenced matter.  PLEASE TAKE NOTICE, that Sheila Williams hereby disputes the validity of the debt. Therefore, you are not to assume this debt to be valid.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Sheila Williams.  Furthermore, Sheila Williams hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to make contact *via* mobile telephone, (whether by calling), texting, land line, emailing or to any facsimile device.  In addition, Sheila Williams prohibits you from sharing her personal information and/or any information related to this account with any persons/entities without her prior written consent.

As provided for under 15 U.S.C. §1692g(a), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor.  Kindly forward all such information to our <u>New York</u> office. Additionally, pursuant to 15 U.S.C. §1692e(8), if Halsted Financial Services, is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

Your anticipated cooperation in this matter is appreciated.

JONES, WOLF & KAPASI, LLC

*/s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq.
bwolf@legaljones.com

Cc: Sheila Williams (*via* Email)

# EXHIBIT C

| | |
|---|---|
| **From:** | postmaster@halstedfinancial.com |
| **To:** | "webcustomer@halstedfinancial.com" |
| **Subject:** | Delivered: [External Message] Shelia Williams |
| **Date:** | Friday, October 28, 2022 2:42:07 PM |
| **Attachments:** | External Message Shelia Williams.msg |

Your message has been delivered to the following recipients:

'webcustomer@halstedfinancial.com' (webcustomer@halstedfinancial.com) <mailto:webcustomer@halstedfinancial.com>

Subject: [External Message] Shelia Williams

# EXHIBIT B



1:43

47173

We give you the power to choose your path to financial freedom for your HSBC Bank Nevada, N.A. (RCS Direct Marketing/ Household Bank) account. Visit https://hlstd.me/s/ NK0l or call 888-242-4538.



# EXHIBIT E





**12:44**

**< 47173 >**

Today 12:38 PM

This text is from Halsted Financial, a debt collector, regarding your HSBC Bank Nevada, N.A. (RCS Direct Marketing/ Household Bank) account. Visit
https://hlstd.me/s/

MEmS or call
888-240-2481.
Reply stop to opt
out



# EXHIBIT F



5:38



 47173 >

Sheila, if your HSBC Bank Nevada, N.A. (RCS Direct Marketing/ Household Bank) account is returned to our client we may not be able to renew these offers. Save up to $234.35 in up to 18 payments when you visit https://



hlstd.me/s/q2sc or call 888-228-1967. This text is from Halsted Financial, a debt collector. Reply stop to opt-out.